**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | ) | |
| as successor by merger to | ) | |
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY** |
| Plaintiff, | ) | **JUDGMENT** |
| | ) | |
| v. | ) | |
| | ) | |
| ERINCRAFT MANUFACTURING | ) | |
| COMPANY, ELECTRA TEK | ) | |
| CORPORATION, ERINCRAFT, INC., | ) | CAUSE NO.   3:24-cv-828 |
| ERINCRAFT MFG CO INC., ERINCRAFT | ) | |
| MANUFACTURING, CO., CITY OF | ) | |
| MICHIGAN CITY, MICHIGAN CITY | ) | |
| REDEVELOPMENT COMMISSION | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Evanston Insurance Company, as successor-by-merger to Essex Insurance Company ("Evanston"), by its counsel and for its cause of action against the Defendants, alleges and states as follows:

## <u>INTRODUCTION</u>

1.      This is a declaratory judgment action brought pursuant to 28 U.S.C. §2201 and 28 U.S.C. §1332.

2.      Evanston seeks a declaratory judgment that it has no obligation, under liability policies issued by its predecessor Essex Insurance Company to Electra Tek Corporation and Erincraft Manufacturing Company (the "Evanston Policies") and which insured manufacturing operations located in LaPorte, Indiana, to provide coverage for default judgments concerning

contaminated properties located in Michigan City, Indiana (the "Michigan City properties") which Defendants City of Michigan City and Michigan City Redevelopment Commission (collectively "the City" or the "City Parties") obtained against three separate entities which also used the name Erincraft:  Defendants Erincraft, Inc.,  Erincraft Mfg Co Inc. and Erincraft Manufacturing, Co. (collectively the "Judgment Defendants").

3.      These default judgments were entered against the Judgment Defendants in the environmental cost recovery action entitled *Michigan City et al. v. Begley Company d/b/a Concord Custom Cleaners et al.* cause no. 46C01-1507-PL-1364, pending in LaPorte Superior Court, County of LaPorte, Indiana (the "Environmental Action"). The default judgments require the Judgment Defendants to pay the City's past and future environmental response costs relating to the Michigan City properties, along with prejudgment interest and attorney's fees.

4.      The City Parties now claim that the Judgment Defendants owe them more than $995,000 in past costs and prejudgment interest pursuant to the default judgments, plus all future costs incurred by the City Parties in connection with investigating and remediating contamination at the Michigan City properties. The City also claims that the Evanston Policies are assets of the Judgment Defendants and that Evanston is required to pay the default judgments under the terms of the Evanston Policies.

5.      As set forth below, the Evanston Policies do not provide coverage for the default judgments, including without limitation on the grounds that (1) none of the Judgment Defendants qualify as insureds under the Evanston Policies; (2) the Evanston Policies only insure premises located in LaPorte, Indiana; (3) notice of the underlying Environmental Action was not given to Evanston until 4 ½  years after entry of the last default judgment at issue, a clear breach of the insureds' notice obligations under the Evanston Policies; and (4) the default judgments are not

2

binding on Evanston because Evanston did not receive notice of the Environmental Action until after the default judgments were entered.

6.     Evanston accordingly seeks entry of declaratory judgment that the Evanston Policies do not provide coverage for the default judgments entered against the Judgment Defendants and do not constitute an asset of the Judgment Defendants upon which the City Parties can satisfy those default judgments.

## THE PARTIES

7.     Plaintiff Evanston Insurance Company ("Evanston") is an Illinois corporation with its principal place of business in Rosemont, Illinois. Evanston is the successor-by-merger to Essex Insurance Company.

8.     Defendant Erincraft Manufacturing Company is an Indiana company with its principal place of business in LaPorte, Indiana.

9.     Defendant Electra Tek Corporation is an Indiana corporation with its principal place of business in LaPorte, Indiana.

10.     Defendant Erincraft, Inc. is an Indiana company with its principal place of business in Laporte, Indiana.

11.     Defendant Erincraft Mfg Co Inc is an Indiana company with its principal place of business in LaPorte, Indiana.

12.     Defendant Erincraft Manufacturing, Co. is an Indiana company with its principal place of business in LaPorte, Indiana.

13.     Defendant the City of Michigan City is a municipality located within LaPorte County, Indiana.

11226388.1

14.    Defendant, the Michigan City Redevelopment Commission is a municipal organization which oversees the Michigan City Department of Redevelopment and is located within LaPorte County, Indiana.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) based on the complete diversity of citizenship between Evanston and all of the Defendants.

16.    This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, based on the dispute and controversy between the parties with respect to whether the Evanston Policies provide coverage for the default judgments entered against the Judgment Defendants in the Environmental Action; and whether those default judgments are binding upon Evanston.

17.    The amount in controversy exceeds $75,000 exclusive of interest and costs.

18.    The Evanston Policies were delivered to the named insureds, Electra Tek Corporation and Erincraft Manufacturing Company, in Laporte, Laporte County, Indiana.

19.    Venue is proper under 28 U.S.C. §1391(a) because the Evanston Policies were issued in this District and the subject matter if the Environmental Action arose in this District.

## FACTS CONCERNING THE ENVIRONMENTAL ACTION

20.    Between 1975 and 1986, Judgment Defendant Erincraft, Inc. operated a manufacturing facility located at 742 East 8th Street in Michigan City (the "Erincraft Site"). Prior to 1975, other entities conducted manufacturing operations at the Erincraft Site dating back to 1921 or earlier, including but not limited to the Hays Corporation. The Site has been vacant since 1986.

4

21.     In 2003, the Michigan City Redevelopment Commission ("MCRC") commissioned a Phase I and II environmental assessment of the Erincraft Site in connection with its evaluation of the potential purchase and redevelopment of the Erincraft Site and other nearby properties for public use. The Erincraft Site and these other nearby properties are collectively referred to as the "Michigan City properties". A copy of the Phase I and II environmental assessment, without exhibits, is attached to this Complaint as **Exhibit 1.**

22.     The environmental assessment confirmed that releases of chlorinated solvents (TCE and PCE) and metals from manufacturing operations at the Erincraft Site dating back to 1921 had contaminated soil and groundwater at the Erincraft Site.

23.     The City of Michigan City ("Michigan City") subsequently obtained ownership of the Erincraft Site and in July of 2008 received a United States Environmental Protection Agency (USEPA) Brownsfield Cleanup Grant, along with matching State of Indiana Brownsfield program funds, to remediate soil contamination at the Site.

24.     Between 2007 and 2010, Michigan City and MCRC (collectively the "City" or the "City Parties") remediated the soil contamination at the Erincraft Site below residential default closure levels, through landfilling of the contaminated soil identified at the Erincraft Site.

25.     On July 20, 2015, the City Parties filed their four-count Complaint for Damages and Request for Jury Trial ("Complaint") in the matter entitled *Michigan City et al. v. Begley Company D/B/A Concord Custom Cleaners et al.* cause no. 46C01-1507-PL-1364, LaPorte Superior Court, County of LaPorte, Indiana (the "Environmental Action" or "Action"), naming Erincraft, Inc. as one of eight separate defendants. A copy of the First Amended Complaint is attached hereto as **Exhibit 2**.

5

26.     In their First Amended Complaint, the City alleged that Erincraft, Inc., formerly operated a facility at the Site, which the City now owns. The City further alleges that releases of pollutants during past operations at the Site caused soil and groundwater contamination at the Erincraft Site and other Michigan City properties.

27.     The City alleged that it had incurred past costs and would continue to incur costs in the future to investigate and remediate contamination at the Erincraft Site and other Michigan City properties.

28.     The City sought recovery of damages from Erincraft, Inc. under theories of negligence (Count I), trespass (Count II), nuisance (Count III) and under Indiana's Environmental Legal Action statute, Ind. Code § 13-30-9-1 (Count IV), including (i) the City's past and future environmental response costs relating to the Site and other Michigan City properties; (ii) diminution in value to and lost income from the Site and other Michigan City properties; and (iii) the City's attorney's fees incurred in connection with investigating and remediating contamination at the Site and other Michigan City properties.

29.     Erincraft, Inc. was a defunct corporation at the time the City filed their Environmental Action, and was administratively dissolved by the Indiana Secretary of State in 2003. A copy of a printout from the Indiana Secretary of State identifying this administrative dissolution is attached hereto as **Exhibit 3**.

30.     On May 19, 2017, the City filed a motion for entry of default judgment against Erincraft, Inc. in the Environmental Action pursuant to Indiana Trial Rule 55, asserting that Erincraft, Inc. was properly served with the City's complaint and had failed to appear or respond to the complaint.  A copy of this motion is attached hereto as **Exhibit 4**.

6

31.     The Court in the Environmental Action granted this motion and entered a default judgment against Erincraft, Inc. on May 22, 2017, ruling that Erincraft Inc. was liable to the City for (i) the City's past and future investigation and remediation costs incurred with respect to contamination at the Site and other Michigan City Properties; (ii) prejudgment interest; and (iii) the City's reasonable attorney fees and expenses.  A copy of this default judgment (the "Erincraft, Inc. default judgment") is attached hereto as **Exhibit 5**.

32.     On July 19, 2019, the Court in the Environmental Action granted the City's Motion to Amend Complaint by Interlineation ("Motion to Amend") to add several new defendants in the Environmental Action, including certain individual members of the Verma family as well as Erincraft Manufacturing, Co., Erincraft Enclosures Inc. and Erincraft Mfg Co Inc. A copy of the Motion to Amend and Court order granting same are attached hereto as **Exhibits 6 and 7.**

33.     The City asserted in its Motion to Amend that "upon information and belief the Verma family used Erincraft Mfg Co Inc, Erincraft Manufacturing Co. LTD, and Erincraft Manufacturing Co., a limited partnership, to refer to the same entity that operated at the Site." The City further generally asserted that Erincraft Manufacturing, Co., Erincraft Enclosures, Inc. and Erincraft Mfg Co Inc are all liable for the City's claims in the Amended Complaint.

34.     Erincraft Manufacturing, Co. was never registered to do business with the Indiana Secretary of State, either as a limited partnership or other type of business organization. See **Exhibit 3.**

35.     Erincraft Mfg Co Inc was a defunct corporation at the time the City's Motion to Amend was granted, and was administratively dissolved by the Indiana Secretary of State in 1989. See **Exhibit 3.**

7

36.     Erincraft Enclosures Inc. was a defunct corporation at the time the City's Motion to Amend was granted, and was administratively dissolved by the Indiana Secretary of State in 2003.  See **Exhibit 3.**

37.     On May 16, 1985, Erincraft Enclosures Inc. executed as general partner an Assumed Business Name Certificate ("Certificate") stating that "Erincraft Manufacturing Co., an Indiana Limited Partnership, is conducting a manufacturing business at 742 East Eighth Street, Michigan City Indiana."  The Certificate identified twelve limited partners residing in Betul, India, Bhopal, India or Michigan City, Indiana. A copy of this Certificate is attached as Exhibit 7 to the City's Motion to Amend, which is attached hereto as **Exhibit 8.**

38.     On September 11, 2019, the City filed a Motion for Default Judgment against Erincraft Enclosures, Inc. in the Environmental Action pursuant to Indiana Trial Rule 55, asserting that Erincraft Enclosures, Inc. was properly served with the City's complaint and had failed to appear or respond to the complaint. A copy of this Motion for Default Judgment is attached hereto as **Exhibit 9.**

39.     The Court entered default judgment against Erincraft Enclosures, Inc. on September 16, 2019, ruling that Erincraft Enclosures, Inc. is liable to the City for (i) the City's past and future investigation and remediation costs incurred with respect to contamination at or emanating from the Site; (ii) prejudgment interest; and (iii) the City's reasonable attorney fees and expenses. A copy of this Default Judgment (the Erincraft Enclosures, Inc. default judgment) is attached hereto as **Exhibit 10.**

11226388.1

40.     On September 11, 2019, the City filed a Motion for Default Judgment against Erincraft Mfg Co Inc in the Environmental Action pursuant to Indiana Trial Rule 55, asserting that Erincraft Mfg Co Inc was properly served with the City's complaint and had failed to appear or respond to the complaint. A copy of this Motion for Default Judgment is attached hereto as **Exhibit 11.**

41.     The Court entered default judgment against Erincraft Mfg Co Inc on September 23, 2019, ruling that Erincraft Mfg Co Inc is liable to the City for (i) the City's past and future investigation and remediation costs incurred with respect to contamination at or emanating from the Site; (ii) prejudgment interest; and (iii) the City's reasonable attorney fees and expenses. A copy of this Default Judgment (the Erincraft Mfg Co Inc default judgment) is attached hereto as **Exhibit 12.**

42.     On October 24, 2019, the City filed a Motion for Default Judgment against Erincraft Manufacturing, Co. in the Environmental Action pursuant to Indiana Trial Rule 55, asserting that Erincraft Manufacturing, Co. was properly served with the City's complaint and had failed to appear or respond to the complaint. A copy of this Motion for Default Judgment is attached hereto as **Exhibit 13.**

43.     The Court entered default judgment against Erincraft Manufacturing, Co on October 25, 2019, ruling that Erincraft Manufacturing, Co is liable to the City for (i) the City's past and future investigation and remediation costs incurred with respect to contamination at or emanating from the Site; (ii) prejudgment interest; and (iii) the City's reasonable attorney fees and expenses. A copy of this Default Judgment (the Erincraft Mfg Co Inc default judgment) is attached hereto as **Exhibit 14.**

11226388.1

44.     On May 8, 2024, the City filed a Verified Motion for Proceedings Supplemental (Verified Motion ) to the default judgments entered against Erincraft, Inc., Erincraft Mfg Co Inc and Erincraft Manufacturing, Co. (collectively the "Judgment Defendants"),  asserting that future Site remediation cost are unknown but that past costs associated specifically with investigating and remediating the Erincraft Site total $459,947.03, plus $536,881.32 in accrued prejudgment interest through May 6, 2024, plus $100.81 in additional interest per day. The default judgments entered against Judgment Defendants (attached as Exhibits 6, 13 and 15) are collectively referred to as the "Default Judgments." A copy of the Verified Motion is attached hereto as **Exhibit 15.**

45.     The City asserted in its Verified Motion that it did not have reason to believe that execution against the Judgment Defendants would satisfy the Default Judgments, but that it believed that liability policies allegedly issued by Evanston to the Judgment Defendants could be applied to satisfy the default judgments.

46.     The City sought entry of an order directing Evanston, as a garnishee-defendant, to answer and respond to discovery requests seeking information regarding and production of any liability policies issue by Evanston to any of the Judgment Defendants. and documents relating to liability policies Evanston issue to interrogatories and production requests.

47.     On May 9, 2024, the Court issued a Summons and Order to Answer Interrogatories and Produce Documents ("Summons"), identifying Evanston as a Garnishee Defendant and ordering Evanston to answer and respond to the attached City's discovery requests by June 28, 2024, and setting the matter for hearing on August 5, 2024.  A copy of the Court's Summons and Order is attached hereto as **Exhibit 16**.

48.     Evanston was served with this Summons on or about May 16, 2024.  This Summons was (a) Evanston's first notice of the alleged environmental contamination at and/or emanating from the Site; (b) Evanston's first notice of the City's Environmental Action against the Judgment Defendants; (c) Evanston's first notice of the default judgment entered against Erincraft, Inc. on May 22, 2017; (d) Evanston's first notice of the default judgment entered against Erincraft Mfg Co Inc on September 24, 2019; and (e) Evanston's first notice of the default judgment entered against Erincraft Manufacturing, Co. on October 25, 2019.  A copy of service of summons is attached hereto as **Exhibit 17.**

49.     Evanston has served amended responses to the City's Discovery Requests; and produced the Evanston Policies to the City. A copy of these amended Evanston responses are attached hereto as **Exhibit 18 and 19.**

50.     By correspondence to Evanston dated September 6, 2024, the City's counsel Ryan Leagre asserted that the Evanston Policies provide coverage for the default judgment against "Erincraft Manufacturing Company" and that there was no applicable coverage limitation or exclusion that would bar coverage of this default judgment under the Evanston Policies. The City demanded that Evanston pay it more than $964,000 in satisfaction of this default judgment. [1]

---

[1] The City included a "Confidential Settlement Communication" header in this correspondence. Evanston does not believe that that the correspondence qualifies as a settlement communication, but to avoid a potential dispute concerning public disclosure of a purported confidential document, Evanston has not attached this correspondence as an exhibit to its Complaint.

11

## THE EVANSTON POLICIES

51.     Evanston issued the following commercial general liability policies to named

insureds Electra Tek Corporation and Erincraft Manufacturing Company (collectively the

"Named Insureds").

**POLICY #**                    **POLICY PERIOD**

1. Policy 3CG  3834    11/05/2001-11/05/2002
2. Policy 3CJ  9762    11/05/2002-11/05/2003
3. Policy 3CM 3009    11/05/2003-11/05/2004
4. Policy 3CP  5794    11/05/2004-11/05/2005
5. Policy 3CR  9669    11/05/2005-11/15/2006

Copies of these Evanston Policies are attached hereto as **Exhibits 20, 21, 22, 23 and 24**.

52.     The Declarations to the Evanston Policies state that the form of the Named

Insureds' business is an "organization (other than Partnership or Joint Venture)" and that 402

Truesdell Avenue, LaPorte, Indiana 46350 is the "location of all premises you own, rent or

occupy."

53.     The Evanston Policies each contain the following Coverage A Bodily Injury and

Property Damage Liability insuring agreement:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY

1.  Insuring Agreement

a.   We will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or
"property damage" to which this insurance applies. We
will have the right and duty to defend the insured against
any "suit" seeking those damages. However, we will have
no duty to defend the insured against any "suit" seeking
damages for "bodily injury" or "property damage" to
which this insurance does not apply. We may, at our
discretion, investigate any "occurrence" and settle any
claim or "suit" that may result. But:

      (1)  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage A and B.

  b.  This insurance applies to "bodily injury" and "property damage" only if:

      (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2)  The "bodily injury" or "property damage" occurs during the policy period.

  c.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

54.    The Evanston Policies each contain the following Coverage B Personal and Advertising Injury Liability insuring agreement:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However. we will have no duty to defend the insured against any 'suit' seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or 'suit' that may result. But:

11226388.1

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or Perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

55.   The Evanston Policies each contain the following Duties in the Event of Occurrence, Offense, Claim or Suit condition.

**Duties in The Event Of Occurrence. Offense, Claim Or Suit**

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

14

    c.   You and any other involved insured must:

       (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

       (2) Authorize us to obtain records and other information;

       (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

       (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

56.    The Evanston Policies each contain the following Legal Action Against Us condition:

**Legal Action Against Us**

No person or organization has a right under this Coverage Part:

    a.   To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

    b.   To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Pan or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

11226388.1

## COUNT 1
## THE JUDGMENT DEFENDANTS ARE NOT INSUREDS
## UNDER THE EVANSTON POLICIES

57.     Evanston adopts and re-alleges Paragraphs 1 -54 of its Complaint for Declaratory

Judgment as and for Paragraph 55, as if the same were fully set forth herein.

58.     The Evanston Policies identify Electra Tek Corporation and Erincraft

Manufacturing Company as the named insureds.

59.     Judgment Defendant Erincraft, Inc. is not an insured under the Evanston Policies.

60.     Judgment Defendant Erincraft Mfg Co Inc. is not an insured under the Evanston

Policies.

61.     Judgment Defendant Erincraft Manufacturing, Co. is not an insured under the

Evanston Policies.

62.     Erincraft Manufacturing, Co. (with comma) is not the same entity as named

insured Erincraft Manufacturing Company (without comma). The City asserted, when adding

Erincraft Manufacturing, Co. as a defendant in the Environmental Action, that Erincraft

Manufacturing, Co. was a limited partnership. By contrast, the Evanston Policies identify named

insured Erincraft Manufacturing Company as an organization "other than Partnership or Joint

Venture."

63.     As none of the Judgment Defendants are insureds under the Evanston Policies,

Evanston has no obligation under the Evanston Policies to provide coverage for or indemnify the

Judgment Defendants against the Default Judgments the City obtained against them in the

Environmental Action.

16

64.     As judgment creditors of the Judgment Defendants, the City Parties stand in the shoes of the Judgment Defendants with respect to the City Parties' claim that they are entitled to collect the Default Judgments from the proceeds of the Evanston Policies.

65.     Accordingly, Evanston may raise against the City Parties any defense Evanston has against the Judgment Defendants, including contractual defenses.

66.     As none of the Judgment Defendants are insureds under the Evanston Policies and are not entitled to coverage of the Default Judgments under the Evanston Policies, the City Parties are not entitled to any proceeds from the Evanston Policies and Evanston has no obligation to pay any amounts to the City Parties in satisfaction of the Default Judgments.

WHEREFORE, Evanston respectfully requests that this Honorable Court declare as follows:

A.  That the Judgment Defendants are not insureds under the Evanston Policies.

B.  That Evanston has no duty under the Evanston Policies to provide coverage or indemnify Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. for the Default Judgments entered against them in the Environmental Action.

C.  That Evanston has no duty under the Evanston Policies to pay the City Parties those sums that Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. are legally obligated to pay the City Parties pursuant to the Default Judgments.

D.  That the proceeds of the Evanston Policies do not constitute assets of Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. upon which the City of Michigan City and/or Michigan City Redevelopment Commission (collectively the "City") can levy to satisfy the Default Judgments; and

E.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

11226388.1

## COUNT II
## THE ERINCRAFT SITE AND OTHER MICHIGAN PROPERTIES ARE NOT COVERED PREMISES UNDER THE EVANSTON POLICIES

67.     Evanston adopts and re-alleges Paragraphs 1-54 of its Complaint for Declaratory Judgment as and for Paragraph 65, as if the same were fully set forth herein.

68.     Evanston and named insureds Electra Tek Corporation and Erincraft Manufacturing Company (collectively the "Named Insureds") intended that coverage under the Evanston Policies would be limited to liability arising from the premises located at 402 Truesdell Avenue, LaPorte, Indiana 46350.

69.     The only premises identified in the Named Insureds' applications for coverage from Evanston is 402 Truesdell Avenue, LaPorte, Indiana 46350.

70.     The declarations to each of the Evanston policies states that 402 Truesdell Avenue, LaPorte, Indiana 46350 is the "location of all premises you own, rent or occupy."

71.     Evanston policy 3CM 3009, effective from 11/05/2003 to 11/05/2004, contains a Classification Limitation Endorsement which provides that "The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company and described under the 'description' or 'classification' on the declarations of the policy."

72.     The Business Description and Location of Premises Covered by this Policy section of the supplemental declarations for Evanston policy 3CM 3009 only identify a single location: the premises located at 402 Truesdell Avenue, LaPorte, Indiana 46350.

73.     The only operations specified in Electra Tek Corporation and Erincraft Manufacturing Company application for Evanston policy 3CM 3009 were the facility located at 402 Truesdell Avenue, LaPorte, Indiana 46350.

11226388.1

74.     Evanston policy 3CM 3009, effective 11/05/2004 to 11/05/2005, and Evanston policy 3 CR 9669, effective 11/05/2005 to 11/05/2006, each contain a Specified/Designated Premises/Project Limitation endorsement which provides as follows:

> This insurance applied only to "bodily injury", "property damage", "advertising injury" and medical expenses arising out of:
>
> 1.  The ownership, maintenance and use of the premises shown in the Schedule (or Declarations); or
>
> 2.  The project shown in the Schedule (or Declarations)

75.     The only premises shown in the Declarations to Evanston policy 3CM 3009 are those located at 402 Truesdell Avenue, LaPorte, Indiana 46350 (the "LaPorte Facility").

76.     The Evanston Policies only provide coverage for liability arising from the LaPorte Facility, not the Erincraft Site or other Michigan City properties.

77.     As the Evanston Policies do not provide coverage for liability arising from the Erincraft Site or other Michigan City properties, Evanston has no obligation under the Evanston Policies to provide coverage for or indemnify the Judgment Defendants against the Default Judgments the City obtained against them in the Environmental Action.

78.     As judgment creditors of the Judgment Defendants, the City Parties stand in the shoes of the Judgment Defendants with respect to the City Parties' claim that they are entitled to collect the Default Judgments from the proceeds of the Evanston Policies.

79.     Accordingly, Evanston may raise against the City Parties any defense Evanston has against the Judgment Defendants, including contractual defenses.

80.     As the Default Judgments against the Judgment Defendants concern liability arising from premises which are not covered under the Evanston Policies, the City Parties are not

19

entitled to any proceeds from the Evanston Policies and Evanston has no obligation to pay any amounts to the City Parties in satisfaction of the Default Judgments.

WHEREFORE, Evanston respectfully requests that this Honorable Court declare as follows:

    A. That the Erincraft Site and other Michigan City properties do not constitute covered premises under the Evanston Policies;

    B. That Evanston has no duty, under the Evanston Policies, to indemnify Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. for the Default Judgments entered against them in the Environmental Action;

    C. That Evanston has no duty to pay the City Parties those sums that Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. are legally obligated to pay the City Parties pursuant to the default judgments;

    D. That the proceeds of the Evanston Policies do not constitute assets of Judgment Defendants  Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. upon which the City Parties can levy to satisfy the Default Judgments; and

    E. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

**COUNT III**
**BREACH OF THE EVANSTON POLICIES' NOTICE OBLIGATIONS BARS**
**COVERAGE OF DEFAULT JUDGMENTS**

81.    Evanston adopts and re-alleges Paragraphs 1-54 of its Complaint for Declaratory Judgment as and for Paragraph 79, as if the same were fully set forth herein.

82.    The City Parties claim that one or more of the Judgment Defendants qualify as insureds under the Evanston Policies, including without limitation that Judgment Defendant Erincraft Manufacturing, Co. is the same as entity as Evanston Policies' named insured Erincraft Manufacturing Company.

83.    The Evanston Policies require that the insureds notify Evanston as soon as practicable of an occurrence or an offense which may result in a claim.

11226388.1

84.    The Evanston Policies also require that the insureds provide written notice to Evanston as soon as practicable of any claim or suit brought against them and forward to Evanston any summons or documents related to a suit.

85.    The Evanston Policies further provide that no person or organization has a right to join Evanston as a party or otherwise bring Evanston into a suit asking the insured for damages, or to sue Evanston under the Evanston Policies unless all of its terms have been fully complied with.

86.    Compliance with the Evanston Policies' notice requirements is a precondition to coverage under the Evanston Policies.

87.    To the extent the Judgment Defendants constitute insureds under the Evanston Policies, they have breached and failed to comply with their notice obligations under the Evanston Policies, including but not limited to the following grounds:

a.    That purported insureds Erincraft, Inc., Erincraft Mfg Co Inc., and Erincraft Manufacturing, Co. failed to provide any notice to Evanston of the Environmental Action or the Default Judgments entered against the Judgment Defendants; and

b.    That Evanston did not receive notice from any source of the Environmental Action against Erincraft, Inc., Erincraft Mfg Co Inc., and Erincraft Manufacturing, Co. until May 16, 2024, which was more than nine years after the Environmental Action was filed and:

(1) more than seven years after Erincraft, Inc. was served with summons in the Environmental Action and default judgment was entered against Erincraft, Inc.;

      (2) fifty-nine months after Erincraft Mfg Co Inc., was served with summons in the Environmental Action and fifty-eight months after default judgment was entered against Erincraft Mfg Co Inc; and

      (3) fifty-eight months after Erincraft Manufacturing, Co. was served with summons in the Environmental Action and fifty-seven months after default judgment was entered against Erincraft Manufacturing, Co.

88.     These notice delays were unreasonable, in breach of the Evanston Policies' notice requirements and have substantially prejudiced Evanston.

89.     As a result of the foregoing breaches of the Evanston Policies' notice obligations under the Evanston Policies, the Judgment Defendants have failed to satisfy all preconditions to coverage under the Evanston Policies and Evanston therefore has no obligation under the Evanston Policies to provide coverage for or indemnify the Judgment Defendants against the Default Judgments the City obtained against them in the Environmental Action.

90.     As judgment creditors of the Judgment Defendants, the City Parties stand in the shoes of the Judgment Defendants with respect to the City Parties' claim that they are entitled to collect the Default Judgments from the proceeds of the Evanston Policies.

91.     Accordingly, Evanston may raise against the City Parties any defense Evanston has against the Judgment Defendants, including contractual defenses.

92.     As the Judgment Defendants have breached their notice obligations under the Evanston Policies with respect to Environmental Action (to the extent they are insureds to begin with) and are not entitled to coverage of the Default Judgments under the Evanston Policies on that basis, the City Parties are not entitled to any proceeds from the Evanston Policies and

11226388.1

Evanston has no obligation to pay any amounts to the City Parties in satisfaction of the Default

Judgments.

WHEREFORE, Evanston respectfully requests that this Honorable Court declare as

follows:

A. That purported insureds Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. breached the Evanston Policies' notice requirements by failing to provide notice of the Environmental Action and Default Judgments to Evanston as soon as practicable, thereby substantially prejudicing Evanston;

B. That Evanston therefore has no duty to indemnify Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. against the Default Judgments entered against them in the Environmental Action;

C. That Evanston has no duty to pay the City Parties those sums that Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. are legally obligated to pay pursuant to the Default Judgments;

D. That the Evanston Policies do not constitute assets of Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc or Erincraft Manufacturing, Co. upon which the City Parties can levy to satisfy the Default Judgments; and

E. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

## COUNT IV-THE DEFAULT JUDGMENTS ARE NOT BINDING ON EVANSTON

93.     Evanston adopts and re-alleges Paragraphs 1-54 of its Complaint for Declaratory

Judgment as and for Paragraph 91, as if the same were fully set forth herein.

94.     An insurer is bound by a judgment against its insured only where the insurer had

notice and an opportunity to defend the lawsuit against its insured. An insurer cannot be bound

by a default judgment against its insured where it did not have actual notice of the lawsuit

against its insured.

95.     To the extent any of the Judgment Defendants constitute an insured under the

Evanston Policies, including without limitation Judgment Defendant Erincraft Manufacturing,

Co, the Default Judgments entered against them are not binding upon Evanston because Evanston did not have actual notice of the Environmental Action before the Default Judgments were entered and had no opportunity to investigate the Environmental Action or defend the alleged insureds against the Environmental Action.

96.     Accordingly, based on Evanston's lack of notice of Environmental Action before the Default Judgments were entered, the City Defendants are barred from seeking to enforce the Default Judgments against the Evanston Policies.

WHEREFORE, Evanston respectfully requests that this Honorable Court declare as follows:

A. That Evanston did not receive notice of the Environmental Action until the Default Judgments were entered against alleged insureds Judgment Defendants  Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co.

B. That under Indiana law and independent of Evanston's coverage defenses under the Evanston Policies, the Default Judgments are not binding upon Evanston and Evanston has no duty to pay the City Parties those sums that Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co. are legally obligated to pay the City Parties pursuant to the Default Judgments; and

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

## COUNT IV—PRO RATA ALLOCATION

97.     Evanston adopts and re-alleges Paragraphs 1-54 of its Complaint for Declaratory Judgment as and for Paragraph 95, as if the same were fully set forth herein.

98.     There is no all-sums coverage obligation under the Evanston Policies. Evanston's coverage obligations for damages because of property damage is limited to that property damage specifically occurring during the Evanston policy periods.  Evanston's coverage obligations for damages because of "personal and advertising injury" is limited to the specific personal and advertising injury arising from an offense committed during the Evanston policy periods.

11226388.1

99.     The environmental assessment of the Site performed by the City Parties determined that the pollution damage at and emanating from the Site was caused by releases of contaminants during historical manufacturing activities at the Site dating back to 1921, more than one-hundred years ago.

100.     Under the insuring agreement language in the Evanston policies, where environmental contamination damage extends over multiple policy periods, *pro rata* allocation principles apply and Evanston is only liable for that portion of any covered long-tail damages that occur within the Evanston policy periods.

101.     To the extent the Default Judgments against the Judgment Defendants involve property damage and/or personal and advertising injury covered under the Evanston Policies (which Evanston denies), Evanston's coverage obligations for the environmental contamination damages at the Site dating back to 1921 are limited to that portion of the damages occurring during the Evanston policy periods.

WHEREFORE, Evanston respectfully and alternatively requests that this Honorable Court declare as follows:

A. To the extent the declarations and relief requested by Evanston in Counts I, II III and IV are denied; and it is determined that the Evanston Policies provide coverage for the Default Judgments entered against Judgment Defendants Erincraft, Inc., Erincraft Mfg Co Inc. or Erincraft Manufacturing, Co., that:

1. *Pro rata* allocation of damage principles apply under the Evanston policies;

2. That environmental contamination damage at the Erincraft Site and other Michigan City properties has been ongoing since at least 1921 (the "environmental damage period");

3. That the City Parties' past and future environmental investigation and remediation costs at the Erincraft Site and other Michigan City properties which are included within the Default Judgments shall be apportioned on a *pro rata* basis amongst all years of damage within the environmental damage period;

11226388.1

4.  Evanston's liability for the Default Judgments is limited to that *pro rata* share portion of those damages during the Evanston policy periods;

B.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

*Mark W. Zimmerman*

MARK W. ZIMMERMAN
JAMES M. WECK
CLAUSEN MILLER P.C.
10 LaSalle Street
Chicago, IL 60603
Tel: 312-855-1010
Fax: 312-606-7778
mzimmerman@clausen.com
jweck@clausen.com
Attorneys for Plaintiff

26

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record on October 9, 2024.

*/s/ Patricia Kebr*

27